IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel. ) | |
| THOMAS RUSSEL AMES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 13 C 2826 |
| ) | |
| MICHAEL LEMKE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Thomas Ames has petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction and life sentence for first degree murder. Respondent Michael Lemke, the warden of the prison where Ames is incarcerated, has moved to dismiss the petition on the ground that it is barred by the statute of limitations. For the reasons stated below, the Court grants respondent's motion.

The Court notes that Ames has filed a motion for appointment of counsel. The record reflects, however, that Ames was fully capable of addressing coherently the statute of limitations issues presented by respondent's motion to dismiss. The Court therefore denies Ames's motion for appointment of counsel.

### Background

On June 25, 1993, Ames pled guilty to one count of first-degree murder in Vermilion County Circuit Court, and on December 8, 1993 the court sentenced Ames to a term of life without the possibility of parole. On November 17, 1995, the Illinois

1

Appellate Court affirmed the trial court's judgment, rejecting Ames's arguments that his sentence was excessive considering his youth, that it was disproportionate to his co-defendant's sentence, and that it represented an abuse of judicial discretion. *See* Resp.'s Ex. B. On January 31, 1996, the Illinois Supreme Court denied Ames's petition for leave to appeal (PLA). *See People v. Ames*, 165 Ill. 2d 554, 662 N.E.2d 427 (1996). Ames did not file a petition for writ of certiorari in the United States Supreme Court.

On September 18, 2000, Ames filed a *pro se* post-conviction petition, asserting claims under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), of "unconstitutional sentence, sentencing factors, [and] sentencing statutes." Pet. at 4. Ames's court-appointed counsel amended his post-conviction petition. The state moved to dismiss the petition as untimely, and a judge of the Vermilion County Circuit Court granted the motion on October 30, 2002. The Illinois Appellate Court reversed on November 1, 2005, because the record did not show that Ames's post-conviction counsel had consulted with Ames in conformity with Illinois Supreme Court Rule 651(c).

Although the case then returned to the Vermilion County Circuit Court, nothing of consequence happened until November 15, 2008, when Ames filed a *pro se* motion to vacate his judgment.

On February 23, 2010, Ames's counsel filed an amended petition for post-conviction relief. The Circuit Court granted the state's motion to dismiss Ames's post-conviction petition on various grounds. On appeal, appointed counsel moved to withdraw pursuant to *Pennsylvania v. Finely*, 481 U.S. 551 (1987). On November 2, 2011, the Illinois Appellate Court granted the motion to withdraw and affirmed the dismissal of Ames's petition. On March 28, 2012, the Illinois Supreme Court denied

Ames's PLA. Ames did not file a petition for writ of certiorari in the United States Supreme Court.

Ames mailed his petition for writ of habeas corpus on March 18, 2013. He asserts claims of ineffective assistance of counsel and disproportionate sentence. Respondent has moved to dismiss Ames's petition as time-barred.

## Discussion

Under 28 U.S.C. § 2244(d)(1), a one-year limitation period applies to habeas corpus petitions filed under section 2254. This period runs from the latest of several dates:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitation period is also subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010).

**1.    When did the one-year limitation period begin to run?**

The first question is when the one-year clock under section 2244(d)(1) started to run. A state criminal judgment is considered final for purposes of § 2244(d)(1)(A) upon the conclusion of direct review once direct appeal proceedings in state court and the United States Supreme Court have been completed. *Jimenez v. Quarterman*, 555 U.S.

3

113, 119 (2009). In Ames's case, that was on April 30, 1996, when the ninety-day period for him to file a petition for certiorari expired. *See, e.g., Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002). This was just a few days after the one-year limitation period for federal habeas corpus petitions took effect. Thus Ames's federal habeas corpus petition was due on April 30, 1997, unless one of the other subparts of section 2244(d)(1) applies.

Under section 2244(d)(1)(B), if a state-created impediment that violates the Constitution or federal law prevented Ames from filing his federal habeas petition, then the one-year clock did not start until the impediment was removed. Ames alleges a state-created impediment, specifically, limited access to the prison law library. *See* Pet'r's Resp. to Mot. to Dismiss at 5. Ames states that he has "put in a request to attend the law library nearly every week for the last 19 months and [hasn't] been placed on the list even once in that time period." *Id.* at 6.

This argument misses the mark. What is significant for determining whether a state-created impediment actually prevented Ames from filing his federal habeas petition is his access to the prison law library during the period before his habeas corpus petition was otherwise due, namely, April 30, 1997. Ames does not address that period; he contends only that he could not get access to the law library from about December 2011 through July 2013. Thus section 2244(d)(1)(B) does not entitle Ames to a later start date for the one-year period of limitation.

The Court has also considered whether section 2244(d)(1)(C) entitles Ames to a later start date for the one-year limitation period. Under that provision, the limitation period runs from the date on which the constitutional right the petitioner asserts was first

4

recognized by the U.S. Supreme Court, if that right was made retroactively applicable to cases on collateral review.

In his state post-conviction petition, Ames argued that the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), gave him a newly recognized and retroactively applicable constitutional right. *Apprendi*, however, was not made retroactive for convictions that had already become final before the Supreme Court decided the case. *See Curtis v. United States*, 294 F.3d 841, 844 (7th Cir. 2002). Thus section 2244(d)(1)(C) does not assist Ames.

Finally, section 2244(d)(1)(D) does not apply, because Ames does not contend that he was unable to discover the factual basis for his claims during the relevant period.

Ames argues that his petition is timely because he filed it within one year of the Illinois Supreme Court's denial of his post-conviction PLA, but that is the wrong date. Section 2244(d)(1)(A) focuses on the conclusion of direct review, not the conclusion of post-conviction collateral proceedings.

In sum, the Court concludes that the one-year limitation period for Ames to file a federal habeas corpus petition started to run on April 30, 1996 and ran out on April 30, 1997. Ames did not file his section 2254 petition in federal court until March 18, 2013. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (petition is filed as of date it is given to prison authorities for mailing to the district court). Thus his petition is untimely, unless there is a basis for statutory or equitable tolling.

**2.    Is there a basis for statutory or equitable tolling of the limitation period?**

Under section 2244(d)(2), "[t]he time during which a properly filed application for

5

State post-conviction or other collateral review with respect to the pertinent judgment" is not counted against the one-year limitation period. Ames's post-conviction petition was pending in the state courts for an unusually long period, from September 18, 2000 through March 28, 2012. But even if the post-conviction petition was "properly filed" as section 2244(d)(2) defines that term,[1] it is irrelevant for statute of limitations purposes, because the time for Ames to file a federal habeas corpus petition had already expired before he filed the post-conviction petition. *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009).

The Court has also considered whether Ames is entitled to equitable tolling of the limitation period. Section 2244(d) is subject to equitable tolling in appropriate cases. *Holland*, 130 S. Ct. at 2554. Generally, if a litigant is seeking equitable tolling, he bears the burden of establishing that he has been diligently pursuing his rights and that an extraordinary circumstance stood in his way. *Pace*, 544 U.S. at 418. Though an attorney's unprofessional conduct can be so egregious that it amounts to an extraordinary circumstance that warrants equitable tolling, a garden variety claim of excusable attorney neglect or negligence does not rise to this level. *Holland*, 130 S. Ct. at 2564.

Ames cannot satisfy the standard governing claims of equitable tolling. First, he did not diligently pursue his rights during enough of the relevant period to prevent his

---

[1] In fact, Ames's post-conviction petition was not "properly filed" within the meaning of section 2244(d)(2). The Supreme Court has ruled that if a state post-conviction petition was untimely, then it is not considered properly filed under section 2244(d)(2) and does not toll the federal clock. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). Because the state courts found Ames's post-conviction petition to be untimely as a matter of state law, "that [is] the end of the matter for purposes of § 2244(d)(2)." *Id.* at 414 (internal quotation marks omitted).

petition from being time-barred.  Ames would have to show reasonable diligence pursuing his rights all the way from just before the one-year federal clock ran out on April 30, 1997 until March 18, 2013, the date he mailed his federal habeas petition.  He cannot show reasonable diligence throughout this time.  In particular, Ames does not identify anything that he did to pursue his claims prior to September 18, 2000, when he filed his state post-conviction petition.  That makes it unnecessary to address the remaining twelve and one-half years.

Second, Ames cannot show the required extraordinary circumstances.  It is likely that the reason Ames did not file his habeas corpus petition until 2013 is that, like many inmates, he believed that the one-year clock did not start to run until after his post-conviction petition was denied.  In other words, Ames likely made a mistake of law.  A petitioner's mistake regarding the law, however, does not entitle him to equitable tolling. *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013).

Finally, Ames appears to rely on *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013).  These cases, however, concern how a petitioner may excuse his procedural default of a claim that he asserts in a habeas corpus petition, not how a petitioner may show an excuse for an untimely petition.

**Conclusion**

For the reasons stated above, the Court denies petitioner's motion for appointment of counsel [dkt. no. 5] and grants respondent's motion to dismiss [dkt. no. 11].  The Court directs the Clerk to enter judgment dismissing the petition for habeas corpus.  The Court also declines to issue a certificate of appealability, because the

7

limitations issues addressed in this decision are not reasonably debatable.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: October 21, 2013